Loring, J.,
delivered the opinion of the court:
The petitioner claims, for the use of certain insurance companies, $25,000, retained on the findings of the Third Auditor from the amount'found by him to have been the value of the Eobert Campbell, jr., when she was burned.
It seems, therefore, quite clear that if the Third Auditor had *397 not jurisdiction of the case, his whole proceeding is legally a nullity and in no way binding on the United States, for they are never parties to the unlawful or unauthorized acts of their officers.
And, therefore, the first question here is, whether the case submitted by Mr. Shaw to the Third Auditor was within the j urisdiction and authority of that officer under the Act 3d March, 1849, and its amendment, (12 Stat. L., p. 743,) and as contended for the defendants at the trial in the able argument of counsel. A majority of the court think it was not.
The fact is found that the steamer was impressed, and if that were all, the case would be certainly within the act of 1849 and its amendment, for in the statute the word “ impressment ” is used in contradistinction to contract, and thus would seem to include every taking by the mere authority of the United States.
But the facts are also found, that, at the time of the impressment, the officer making it contemplated paying a price for the services of the boat, and stipulated and offered it then, and the owner accepted this price, and, for all the time the boat was in the service, received it and receipted for it. The owner was not obliged to do this, and, by doing it, he converted the imprlfesment into a contract, to be performed by him and paid for by the Government; and that was the status of the steamer when she was destroyed by fire. She was in the possession of her owner and navigated by his master and crew and performing his contract for the transportation of stores, and was therefore in the service of her owner, like any other chartered vessel performing a contract of affreightment, as decided by the Supreme Court in Russel's Case and in Reed's Case.
Now, the Supreme Court decided in Guttman's Case, and we therefore have held at this term, in transportation contracts, that, where the owner of teams remained in possession of them, using them to perform the transportation he had contracted to perform for a price stipulated, in the teams were his service and not in the service of the United States, and that if the teams were destroyed, the case was not within the statute of 1849. Now, this is a like case, and the only difference is that the means of transportation here was a steamer instead of ox or mule trains, and if the case is not within these statutes, then the United States never authorized — were *398 never liable for — the action of tbe Auditor, nor for $70,000 found by him to be the value of the vessel, nor for any part of it. They were mere strangers to the submission to the Auditor, and are in. no way estopped or affected by his judgment or anything done under it.
Then it was contended for the defendants that the Robert Campbell, jr., being, when burned, in the possession of her owner, performing his contract, she was at his risk; and in this we concur. He who undertakes the performance of a contract undertakes the risk of it, and it was never held that freighters, who put goods on board of a vessel to be carried by her for the freight-money, were thereby her insurers for the voyage.